**Raymond Byron FORD, Plaintiff–Appellant,**

v.

**J.L. FLETES, Defendant–Appellee, and**

**A.D. Lucine, Defendant.**

No. 02–15617.

D.C. No. CV–97–20737–RMW.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 22, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM **

California prisoner Raymond Byron Ford appeals pro se the district court's summary judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth Amendment violations by prison officials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *see Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998). We affirm in part, vacate in part and remand.

The district court properly granted summary judgment on Ford's deliberate indifference claim against his prison doctor, because Ford failed to show anything more than a difference of medical opinion, which does not give rise to an Eighth Amendment violation. *See Frost v. Agnos,* 152 F.3d 1124, 1130 (9th Cir.1998).

The district court did not abuse its discretion in staying discovery pending a determination of qualified immunity on summary judgment. *See Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir.1988). Likewise, the district court did not abuse its discretion in denying Ford's motion for further discovery because he failed to demonstrate that additional discovery would produce facts sufficient to preclude summary judgment. *See Cline v. Indus. Maint. Eng'g & Contracting Co.,* 200 F.3d 1223, 1235 (9th Cir.2000).

Although Ford's medical records submitted by the defendants in support of

---

* The panel unanimously finds this case suitable for decision without oral argument, and Appellant's motion for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

their motion for summary judgment were not properly authenticated, *see Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 773 (9th Cir.2002), sufficient indicia of authenticity supported their admissibility, *see* Fed.R.Evid. 901(a), 901(b)(4).

The district court correctly concluded that Ford failed to exhaust his administrative remedies prior to filing suit in connection with his claims that he was injured from being transported in a golf cart in a dangerous manner, *see McKinney v. Carey,* 311 F.3d 1198 (9th Cir.2002) (per curiam). However, the district court failed to dismiss the matter without prejudice, *see Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir.2003). We therefore vacate the judgment and remand to the district court to enter a dismissal without prejudice as to this claim. *Id.* ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice.").

Ford's remaining contentions lack merit.

The parties shall bear their own costs on appeal.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.