**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Edward FRAZIER,
Defendant–Appellant.**

No. 02–35437.

D.C. Nos. CV–01–00202–JKS,
CR–00–00046–JKS.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

Before LEAVY, FERNANDEZ, and
BERZON, Circuit Judges.

MEMORANDUM**

David Edward Frazier, a federal prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion challenging his 151–month sentence following his guilty plea conviction for five counts of cocaine distribution, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253. Reviewing de novo, *see United States v. Sanchez–Cervantes,* 282 F.3d 664, 666 (9th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002), we affirm.

Frazier contends that his counsel rendered ineffective assistance at sentencing by failing to argue that under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348,

147 L.Ed.2d 435 (2000) Frazier could only be sentenced as a career offender if it was alleged in the indictment and proven beyond a reasonable doubt. We disagree.

Application of the career offender enhancement under U.S.S.G. § 4B1.1 did not violate the principles of *Apprendi* because Frazier's sentence did not exceed the statutory maximum. *See United States v. Gamez,* 301 F.3d 1138, 1149–50 (9th Cir.2002). Because *Apprendi* was inapplicable, counsel's failure to make an *Apprendi* argument at sentencing was not deficient. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**AFFIRMED.**

**William Francis REED, Plaintiff—
Appellant,**

v.

**Jean HILL; et al., Defendants—
Appellees.**

No. 02–35486.

D.C. No. CV–01–00518–JE.

United States Court of Appeals,
Ninth Circuit.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM***

William Francis Reed, an Oregon state prisoner, appeals pro se the district court's summary judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo, *Wyatt v. Terhune,* No. 00–16568, 2003 WL 18500 at *6 (9th Cir. Jan. 2, 2003), and we affirm.

It is undisputed that Reed did not exhaust the administrative remedies provided by the prison grievance system prior to filing suit. Therefore, the district court properly dismissed the action. *See McKinney v. Carey,* 311 F.3d 1198, 1200 (9th Cir.2002) (per curiam). That the prison rejected Reed's post-complaint grievance as untimely does not affect this analysis. *See id.* at 1200–01 (discussing rationale for strict adherence to pre-suit exhaustion requirement).

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the

In light of our conclusion, we do not reach Reed's remaining contentions.

**AFFIRMED.**

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Cenobio Herrera LANZ, Defendant–**
**Appellant.**

**No. 02–50218.**
**D.C. No. CR–97–00206–GHK–1.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 19, 2003.

Before LEAVY, FERNANDEZ, and BERZON, Circuit Judges.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.