Dwayne SMITH, Plaintiff—Appellant,

v.

E. HODGKIN, Correctional Sergeant; et al., Defendants—Appellees.

No. 02–15351.

D.C. No. CV–01–01406–GEB.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2003.*

Decided April 15, 2003.

Before RYMER, KLEINFELD, and FISHER, Circuit Judges.

MEMORANDUM **

Dwayne Smith appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that prison officials used excessive force and acted with deliberate indifference to his serious medical needs in connection with transferring Smith to a new prison cell. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals under 28 U.S.C. § 1915(e), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998) (order), and we affirm.

The district court properly dismissed Smith's action because he conceded in his complaint, his motion for a stay, and his objections to the magistrate judge's findings and recommendations that he had not

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

exhausted all available prison grievance procedures as required by 42 U.S.C. § 1997e(a). *See Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir.2003) (a "prisoner's concession to nonexhaustion is a valid ground for dismissal"). Smith's contention on appeal that he exhausted his administrative remedies after filing this action is unavailing because prisoners must exhaust prior to commencing suit. *See McKinney v. Carey,* 311 F.3d 1198, 1199–1200 (9th Cir.2002) (per curiam).

We construe the district court's dismissal to be without prejudice. *See Wyatt,* 315 F.3d at 1120.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

