**Ronald D. NANCE, Plaintiff—Appellant,**

**v.**

**PLEASANT VALLEY STATE PRISON; et al., Defendants—Appellees.**

**No. 03-16990.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 11, 2005.

Ronald D. Nance, San Luis Obispo, CA, pro se.

Julia Y. Je, Song J. Hill, Office of the California Attorney General, San Francisco, CA, for Defendants-Appellees.

Before: FERNANDEZ, GRABER and GOULD, Circuit Judges.

MEMORANDUM **

California state prisoner Ronald Nance appeals pro se the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action alleging that prison officials violated his due process rights by revoking good time credits. We have ju-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

risdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

The district court properly dismissed Nance's action for failing to exhaust administrative remedies prior to filing his original complaint. *See McKinney v. Carey,* 311 F.3d 1198, 1199–1200 (9th Cir.2002) (per curiam) (recognizing that 42 U.S.C. § 1997e(a) requires dismissal where a prisoner-plaintiff has not exhausted administrative remedies prior to filing suit). To the extent Nance contends that he should be exempted from the requirement, we are not persuaded. *Cf. Booth v. Churner,* 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

AFFIRMED.