**D. HARRIS, Plaintiff—Appellant,**

v.

**Leroy BACA; et al., Defendants—Appellees.**

No. 03–56053.

United States Court of Appeals, Ninth Circuit.

Submitted April 6, 2005.*

Decided April 12, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Stephen Yagman, Esq., Yagman & Yagman & Reichmann & Bloomfield, Venice, CA, for Plaintiff—Appellant.

Jeremy B. Warren, Esq., Franscell, Strickland, Roberts & Lawrence, Glendale, CA, for Defendants—Appellees.

Before: T.G. NELSON, W. FLETCHER, and BEA, Circuit Judges.

## MEMORANDUM **

D. Harris appeals the district court's June 12, 2003 order dismissing his second amended complaint filed under 42 U.S.C. § 1983 without prejudice. The district court held that Harris failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1996, 42 U.S.C. § 1997e(a) (the PLRA) before filing suit. We review the district court's factual determination that Harris failed to exhaust his administrative remedies for clear error, and its legal conclusions *de novo*. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003).

Because the parties are familiar with the facts and procedural history, we recite them here only as needed. It is undisputed that neither Harris nor his counsel followed the established grievance procedures at the prison where the alleged wrongful conduct occurred. Further, the first letter sent by Harris's counsel to Sheriff Baca is not a part of the record and therefore we cannot consider it as evidence.

The second letter sent by Harris' counsel to Sheriff Baca was sent on April 28, 2003, the same day the district court dismissed Harris's first amended complaint without prejudice for failure to exhaust his administrative remedies. We need not reach the question whether this letter was sufficient to constitute a grievance under the prison's grievance system because it is undisputed that, without waiting for a resolution of his claim through the prison's grievance system, Harris filed his second amended complaint in federal court the following day, April 29, 2003.

Harris gave the prison authorities no opportunity to make a determination on his grievance, nor did he follow any of the prison's established grievance procedures for filing a grievance and appealing an adverse determination. We hold that Harris did not properly exhaust his administrative remedies before filing suit. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing of a complaint pursuant to 42 U.S.C. § 1983 in federal court. "[A] prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation." *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam) Accordingly,

---

the district court properly dismissed Harris's second amended complaint.

AFFIRMED.

---

\* The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.