**Marcus R. WILLIAMS, Plaintiff—
Appellant,**

v.

**David TRISTAN; et al., Defendants—
Appellees.**

No. 05–15977.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2006.*

Decided April 17, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Marcus R. Williams, Corcoran, CA, pro se.

Before: SILVERMAN, MCKEOWN, and PAEZ, Circuit Judges.

## MEMORANDUM[**]

California state prisoner Marcus R. Williams appeals pro se from the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action alleging that the confiscation of personal property including his Playboy magazines violated his civil rights. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm in part, reverse in part and remand.

The district court properly dismissed without prejudice Williams's claim relating to the confiscation of the January, February, March, April and May 2003 issues of his Playboy magazine subscription. Williams failed to exhaust administrative remedies prior to filing his original complaint. *See McKinney v. Carey*, 311 F.3d 1198, 1199–1200 (9th Cir.2002) (per curiam) (holding that 42 U.S.C. § 1997e(a) requires dismissal without prejudice where a prisoner has not exhausted administrative remedies prior to filing suit). To the extent Williams contends that he should be exempted from the exhaustion requirement as to this claim, we are not persuaded. *Cf. Booth v. Churner*, 532 U.S. 731, 741 n. 6, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) ("we will not read futility or other exceptions into statutory exhaustion re-

quirements where Congress has provided otherwise").

The district court erred in dismissing for failure to exhaust Williams's claims regarding the confiscation and denial of personal property including his Playboy magazines, upon his placement in administrative segregation in January 2003, and his constitutional challenge to Administrative Bulletin 02/04. Williams exhausted all administrative remedies available to him. *See Booth*, 532 U.S. at 741, 121 S.Ct. 1819.

Accordingly, we reverse the district court's dismissal of these claims on exhaustion grounds. In doing so, we express no opinion as to the merits of the claims.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, REVERSED in part and REMANDED.**

---

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

