311 F.3d 1198
 Gregory McKINNEY, Plaintiff-Appellant,
v.
Tom L. CAREY, Warden; John Baughman, Defendants-Appellees.
Gregory McKinney, Plaintiff-Appellant,
v.
Vern Smith, Warden; Shelia Buttram, Correctional Officer; Jack Thomas, Correctional Officer; Vernon Bach, Adam,
Estrella, Correctional Officer, Ernesto Ponce, Correctional Officer, Defendants-Appellees.
 No. 01-17436.
 No. 01-56627.
 United States Court of Appeals, Ninth Circuit.
 Submitted November 6, 2002.*
 Filed December 5, 2002.
 
 Gregory McKinney, Tehachape, CA, plaintiff-appellant, pro se, in No. 01-17436.
 Gregory McKinney, Tehachape, CA, plaintiff-appellant, pro se, in No. 01-56627.
 Bill Lockyer, Robert R. Anderson, Paul D. Gifford, Darrell L. Lepkowsky, Richard F. Wolfe, Office of the Attorney General of the State of California, San Diego, CA, for the defendants-appellees in No. 01-56627.
 Appeals from the United States District Courts for the Eastern and Southern Districts of California; Oliver W. Wanger, District Judge, and Judith N. Keep, Chief District Judge, Presiding. D.C. Nos. CV-01-05808-OWW, CV-00-02241-K(LAB).
 Before STAPLETON,** O'SCANNLAIN, and FERNANDEZ, Circuit Judges.
 OPINION
 PER CURIAM.
 
 
 1
 These appeals, which have been consolidated for purposes of this opinion, present the issue of whether a district court must dismiss an action involving prison conditions when the plaintiff did not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed. In each of these cases, the district court held that it was required by 42 U.S.C. § 1997e(a) to dismiss the complaint without prejudice under these circumstances; the appellant insists that the court should have entered a stay that would have provided an opportunity for exhaustion. The issue thus posed is one of first impression in our court. We join eight other courts of appeals in holding that dismissal is required under 42 U.S.C. § 1997e(a).
 
 
 2
 Section 1997e(a) of Title 42, United States Code provides:
 
 
 3
 No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
 
 
 4
 This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).
 
 
 5
 The Courts of Appeals for the First, Second, Third, Seventh, Tenth, Eleventh, and D.C. circuits have held that § 1997e(a) requires exhaustion before the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation. In Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31 (1st Cir.2002), the Court of Appeals for the First Circuit recently explained its resolution of the issue and reviewed the existing Court of Appeals precedent as follows:
 
 
 6
 Section 1997e(a) mandates that "[n]o action shall be brought ... until [the prisoner's] administrative remedies ... are exhausted." 42 U.S.C. § 1997e(a). This language clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of suit will not suffice. Cf. Booth, 532 U.S. at 738, 121 S.Ct. 1819 ... ("The `available' `remed[y]' must be `exhausted' before a complaint under § 1983 may be entertained.") (emphasis added). Our understanding of the statute in this regard accords with that of several of the circuit courts that have faced the issue. See Neal v. Goord, 267 F.3d 116, 123 (2d Cir.2001) ("[A]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir.2001) (rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999) ("An inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir.1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."). But see Williams v. Norris, 176 F.3d 1089, 1090 (8th Cir.1999) (per curiam) (reversing district court's dismissal for failure to exhaust where "the record demonstrated that [plaintiff's] grievance had been denied... at the time the court ruled.").
 
 Medina-Claudio, 292 F.3d at 36.[1]
 
 7
 The courts that have reached this conclusion place primary reliance on the text of the statute. As the Seventh Circuit explained in Perez:
 
 
 8
 Section 1997e(a) does not say that exhaustion of administrative remedies is required before a case may be decided. It says, rather, that "[n]o action shall be brought with respect to prison conditions... until such administrative remedies as are available are exhausted." [The prisoner] violated § 1997e(a) by filing his action. Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to suit.
 
 
 9
 Perez, 182 F.3d at 534-535 (italics in original).
 
 
 10
 While it is true that requiring dismissal may, in some circumstances, occasion the expenditure of additional resources on the part of the parties and the court, it seems apparent that Congress has made a policy judgment that this concern is outweighed by the advantages of requiring exhaustion prior to the filing of suit. The objectives that Congress sought to achieve in enacting § 1997e(a) were identified by the Supreme Court in Porter v. Nussle, 534 U.S. 516, 524-25, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002):
 
 
 11
 Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. Booth, 532 U.S. at 737, 121 S.Ct. 1819. In other instances, the internal review might "filter out some frivolous claims." Ibid. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy. See ibid; see also Madigan, 503 U.S. at 146, 112 S.Ct. 1081.
 
 
 12
 Requiring dismissal without prejudice when there is no presuit exhaustion provides a strong incentive that will further these Congressional objectives; permitting exhaustion pendente lite will inevitably undermine attainment of them. We affirm the judgments of the district courts.[2]
 
 
 13
 AFFIRMED.
 
 
 
 Notes:
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App. P. 34(a)(2)
 
 
 **
 The Honorable Walter K. Stapleton, Senior United States Circuit Judge for the Third Circuit, sitting by designation
 
 
 [1]
 The Third and Tenth Circuits reached the same conclusions inNyhuis v. Reno, 204 F.3d 65, 71 (3d Cir.2000), and Garrett v. Hawk, 127 F.3d 1263, 1265 (10th Cir.1997) (overruled on other grounds Booth, 121 S.Ct. at 1822).
 
 
 [2]
 The complaint in No. 01-56627 includes claims based on state law, thus invoking the supplemental jurisdiction of the district court. Having concluded in response to a motion to dismiss that the plaintiff's federal claims had to be dismissed, the district court appropriately declined to exercise its supplementary jurisdiction over the state claimsSee 28 U.S.C. § 1367(c)(3); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Executive Software North America, Inc. v. U.S. Dist. Court, 24 F.3d 1545, 1556-57 (9th Cir.1994).