Gregory McADOO, Plaintiff—
Appellant,

v.

Cal A. TERHUNE; Susan Yearwood;
A. Stone; Roy A. Castro,
Defendants—Appellees.

No. 01–16997.

D.C. No. CV 98–0581 FCD/GGH.

United States Court of Appeals,
Ninth Circuit.

District Judge for the District of Hawaii, sitting by designation.

Submitted Dec. 3, 2002.*

Decided Jan. 16, 2003.

Before FERGUSON, BRUNETTI, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Gregory McAdoo, a California state prisoner proceeding pro se, appeals an order of the district court granting summary judgment in favor of defendants, officials of the California Department of Corrections, in his action under 42 U.S.C. § 1983. McAdoo contends that the district court erroneously concluded that prison regulations proscribing long hair and earrings for male inmates, but not for female inmates, do not violate his equal protection rights and his First Amendment right to freedom of expression. The district court, however, erred in reaching the merits of McAdoo's case. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e (PLRA), McAdoo was required to exhaust his administrative remedies *before* filing suit. He did not do so until more than three months after he filed his complaint. We therefore vacate the judgment and remand the case with instructions to dismiss the action for failure to comply with the PLRA's exhaustion requirement prior to filing suit. *See McKinney v. Carey,* 311 F.3d 1198 (9th Cir.2002) (holding that, under the PLRA, the district court "must dismiss an action involving prison conditions when the plaintiff did not exhaust his administrative remedies prior to filing suit but is in the process of doing so when a motion to dismiss is filed").

The judgment of the district court is therefore vacated and the case remanded with directions to dismiss the action without prejudice.

**VACATED** and **REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

