Perry D. FISHER, Plaintiff—Appellant,

v.

HEDLUND, Defendant—Appellee.

No. 02–15750.

D.C. No. CV–99–00449–GEB/JFM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 10, 2003.*

Decided Feb. 20, 2003.

Before LEAVY, FERNANDEZ and BERZON, Circuit Judges.

MEMORANDUM **

Perry D. Fisher, a California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and we affirm.

The district court properly dismissed Fisher's action without prejudice because Fisher failed to exhaust all available prison grievance procedures before commencing suit in federal court. *See McKinney v. Carey*, 311 F.3d 1198, 1199–1200 (9th Cir. 2002) (holding that a prisoner must exhaust administrative remedies before, not after, filing suit in federal court).

We reject as meritless Fisher's contention that the exhaustion requirements do not apply to his case. *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002) (requiring exhaustion for all inmate suits about prison life); *Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that prisoners must exhaust administrative remedies prior to bringing suit in federal court, even where the sole relief sought is monetary); *see also Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 96, 113, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) (stating that "a rule of federal law, once announced and applied to the parties to the controversy,

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Fisher's request for oral argument is denied.

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

must be given full retroactive effect by all courts adjudicating federal law").

AFFIRMED.