**Charles T. DAVIS, Plaintiff— Appellant,**

v.

**KISSENGER; et al., Defendants— Appellees.**

**No. 03–15660.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 20, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles T. Davis, pro se, Susanville, CA, for Plaintiff–Appellant.

William V. Cashdollar, Esq., AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

MEMORANDUM **

Charles T. Davis, a California state prisoner, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's determination that a prisoner failed to exhaust administrative remedies, *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003), *cert. denied sub nom. Alameida v. Wyatt,* —— U.S. ——, 124 S.Ct. 50, 157 L.Ed.2d 23 (2003), and we affirm.

The district court properly dismissed Davis' action because he failed to exhaust administrative remedies prior to filing a federal action. *See McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam).

Davis contends that 28 U.S.C. § 1915(g) allows an exception to the exhaustion requirement when the complaint alleges the imminent possibility of serious physical injury or death. Even if such an exception exists after *Porter v. Nussle,* 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002),

---

Davis' allegations are neither severe nor specific enough to fall within the exception.

We deny Davis' April 30, 2003 motion to augment the record on appeal.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.