**John C. MONTUE, Plaintiff— Appellant,**

v.

**NATIONAL CONCRETE CUTTING COMPANY; et al., Defendants— Appellees.**

**No. 03–16811.**

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

John C. Montue, Represa, CA, pro se.

Daniel Morris Steinberg, Michael J. Baytosh, Esq., Porter, Scott, Weiberg And Delehant, Justin N. Tierney, Jr., Esq., Sacramento, CA, Thomas F. McCormick, Law Offices, Pleasanton, CA, Dawn M. Patterson, Esq., Law Offices of Thomas F. McCormick, Pleasanton, CA, for Defendants–Appellees.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Montue's request for oral argument.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

John C. Montue, a California state inmate, appeals pro se the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that he was unconstitutionally subjected to dangerous conditions caused by the seismic retrofitting of the prison. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim, and we may affirm on any ground supported by the record. *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295 (9th Cir. 1998).

The district court properly dismissed Montue's claims against the contractors performing the retrofitting because he did not allege facts indicating that they were willful participants with the State or its agents in an activity that deprived him of his constitutional rights. *See Brunette v. Humane Soc'y,* 294 F.3d 1205, 1211 (9th Cir.2002).

Montue's contention that, upon remand from this Court, he should have been allowed to revive his unexhausted claims against the prison officials fails because the exhaustion requirement of 42 U.S.C. § 1997e(a) is not satisfied by exhausting available remedies during the pendency of the litigation. *See McKinney v. Carey,* 311 F.3d 1198, 1199–1200 (9th Cir.2002) (per curiam).

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.