**D. MOORE, Plaintiff—Appellant,**

v.

**J. AVERY, Defendant—Appellee.**

No. 03–55401.

D.C. No. CV–01–10902–DT.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 7, 2004.*

Decided Jan. 5, 2005.

Stephen Yagman, Yagman & Yagman & Reichmann & Bloomfield, Venice, CA, for Plaintiff–Appellant.

Susan Eileen Coleman, Susan Myster, Office of the California Attorney General, San Diego, CA, for Defendant–Appellee.

Before HUG, PREGERSON, and BERZON, Circuit Judges.

MEMORANDUM**

On September 25, 2000, Correctional Officer Jessie Avery shot state prisoner Del-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

fonzo Moore. Moore commenced a 42 U.S.C. § 1983 action in district court against Avery on December 18, 2001. The complaint alleged that Avery violated Moore's right to be free from cruel and unusual punishment under the Eighth Amendment.[1]

The district court granted in part and denied in part Avery's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss on the grounds that Moore failed to state a claim and that Moore failed to exhaust state administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Nine months later, Moore's counsel attempted to file a first amended complaint, which was rejected by the clerk of the court.

Moore now appeals the district court's order dismissing his original complaint and the court's order rejecting his first amended complaint.[2] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## Standard of Review

A district court's dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo, *see Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001), with all allegations considered in a light most favorable to the plaintiff, *see Miranda v. Clark County*, 319 F.3d 465, 468 (9th Cir.2003), *cert. denied*, 540 U.S. 814, 124 S.Ct. 64, 157 L.Ed.2d 28 (2003). Nonetheless, a Rule 12(b)(6) dismissal can be affirmed on any basis fairly supported by the record. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.2004).

## Discussion

The district court did not err in dismissing Moore's original complaint for failure to exhaust state administrative remedies. Although the duty to raise and prove a plaintiff's failure to exhaust administrative remedies rests solely with the defendant, *see Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir.2003), *cert. denied*, 540 U.S. 810, 124 S.Ct. 50, 157 L.Ed.2d 23 (2003), the PLRA requires prisoners to exhaust available administrative remedies before filing § 1983 actions in federal court, *see Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). Moreover, district courts must screen and dismiss a prisoner's § 1983 suit if it does not meet PLRA's requirements. *See* 28 U.S.C. § 1915A; 42 U.S.C. §§ 1997e(c)(1) & 1997e(a); *see also Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *Booth*, 532 U.S. at 739.

In this case, the district court could reasonably have taken Moore's failure to respond to Avery's motion to dismiss and to the court's tentative ruling as a concession by Moore that he had not in fact exhausted his administrative remedies as required by the PLRA. Even when Moore filed his first amended complaint, he took no action to dispel the notion that he had conceded failing to exhaust administrative remedies. *See Wyatt*, 315 F.3d at 1120. Thus, the district court did not commit reversible error in dismissing Moore's original complaint.

Furthermore, Moore failed to follow the district court's instruction, which required him to show proof that he had complied with the PLRA's exhaustion requirement. Moore merely filed a document entitled "Notice That Plaintiff Has Complied with PLRA and Request for Lifting of Stay of

---

1. The facts of this case are well known to the parties and are repeated only as necessary to clarify our discussion.

2. Moore's Notice of Appeal stated that the "orders entered on February 2, 2003 and February 13, 2003" are being appealed. But no such orders exist. *See* District Court's Civil Docket.

Action." But this document did not include any proof or other evidence that Moore had in fact complied with either the PLRA's exhaustion requirement or the district court's earlier order.

Even if the district court had accepted Moore's first amended complaint nine months later, Moore's first amended complaint would have been, in all likelihood, screened and dismissed by the district court under sections 1915A and 1997e of the PLRA. Moore's only mention of exhaustion appears in a footnote in the first amended complaint. This footnote, however, only dealt with the requirement that Avery assert failure to exhaust as an affirmative defense. This reference was not enough to prevent dismissal in light of Moore's *earlier* failure to respond to Avery's argument that Moore had not *initially* exhausted his administrative remedies as required by the PLRA. Thus, the district court did not commit reversible error in rejecting Moore's first amended complaint. *See McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam).

Accordingly, we **AFFIRM** the district court's orders dismissing Moore's original complaint and rejecting his first amended complaint.