**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JASON J.C. AARON, IV,

      Plaintiff-Appellant,

v.

JOHN WHETSEL: OFFICER
GILBERT: JOHN DOE,
UNNAMED CITY OFFICER, and
WILLIAM CITTY,

      Defendants-Appellees.

No. 04-6293

(W.D. Oklahoma)

(D.C. No. CIV-04-477-T)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10TH CIR. R. 36.3.

Jason J.C. Aaron, IV filed this action pursuant to 42 U.S.C. § 1983 against Oklahoma County Sheriff John Whetsel and three Oklahoma City police officers. Mr. Aaron alleged that, while he was incarcerated at the Oklahoma County Detention Center, Sheriff Whetsel allowed the defendant police officers to beat him and subsequently denied him adequate medical care, in violation of the Eighth Amendment prohibition against cruel an unusual punishment. Applying the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), the magistrate judge recommended dismissal of Mr. Aaron's complaint for failure to exhaust administrative remedies. The district court adopted the magistrate's judge's recommendation.

Upon review of the record and the applicable law, we conclude for substantially the same reasons as set forth in the magistrate's report and recommendation that the dismissal of Mr. Aaron's complaint was proper. "[The PLRA's] statutory exhaustion requirement . . . is mandatory, and the district court is not authorized to dispense with it." Beaudry v. Corr. Corp. of Am., 331 F.3d 1164, 1167 n.5 (10th Cir. 2003), cert. denied, 540 U.S. 1118. (2004).

We note that in a supplement to his appellate brief, Mr. Aaron indicates that he has now filed a grievance and that his grievance has been denied. Although that fact may warrant the filing of a new complaint, it does not establish that the district court erred in dismissing Mr. Aaron's initial complaint. See

McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (stating that "§ 1997e(a) requires exhaustion before the filing of a complaint and that a prisoner does not comply with this requirement by exhausting available remedies during the course of the litigation") (emphasis added).[1]  Mr. Aaron does not dispute that, as of August 2, 2004, when the district court dismissed his complaint, he had not filed a written grievance, as required by the Oklahoma County Detention Center's policies.

Accordingly, we AFFIRM the district court's dismissal of Mr. Aaron's complaint without prejudice.[2]

Entered for the Court,

Robert H. Henry
Circuit Judge

---

[1] Of course, we express no opinion on the sufficiency of any such complaint that Mr. Aaron may file in the future.

[2]  We GRANT Mr. Aaron's motion to pay the filing fee in partial payments. We remind Mr. Aaron that he is required to make partial payments until the entire fee is paid.