**Alvin Ronnel ROSS, Plaintiff— Appellant,**

v.

**Vickie McCOY; et al., Defendants— Appellees.**

**No. 05–16939.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Decided Sept. 14, 2006.

Alvin Ronnel Ross, Corcoran, CA, pro se.

Bonnie Chen, San Francisco, CA, for Defendants-Appellees.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

California state prisoner Alvin Ronnel Ross appeals pro se from the district court's order granting defendants' Fed. R.Civ.P. 12(b) motion to dismiss for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review for clear error the district court's findings of fact and review de novo its application of substantive law. *Wyatt v. Terhune,* 315 F.3d 1108, 1120 (9th Cir. 2003). We affirm.

The district court properly dismissed Ross's action because Ross did not exhaust administrative remedies prior to filing this action. *See* 42 U.S.C. § 1997e(a); *McKinney v. Carey,* 311 F.3d 1198, 1199–1200 (9th Cir.2002) (per curiam).

Contrary to Ross's contention, the district court properly applied *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001), to his case. *See Harper v. Virginia Dep't of Taxation,* 509 U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) ("When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct re-

view and as to all events, regardless of whether such events predate or postdate our announcement of the rule.").

To the extent Ross contends that defendants have waived the affirmative defense of failure to exhaust, we are not persuaded, because defendants raised the defense in their answer. *See Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency,* 216 F.3d 764, 788 (9th Cir.2000) ("The inclusion of the defense in an answer is sufficient to preserve the defense.").

We are not persuaded that the filing of a state tort claim served to exhaust available administrative remedies.

**AFFIRMED.**