**Kamal A. SEFELDEEN,**
**Plaintiff–Appellant,**

v.

**Edward S. ALAMEIDA, Jr., Director,**
**Director of Corrections; Bobbi L.**
**Jackson, associate warden; Max S.**
**Lemon; Brenda Gentry; Adele R.**
**Hesse; Steven C. Karoly; Robert Rodriguez; Diane K. Butler; Rosanne C.**
**Campbell, Defendants–Appellees.**

No. 05–15809.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 2007.

Filed June 4, 2007.

———

Kamal A. Sefeldeen, San Quentin, CA, pro se.

Steven C. Sanders, Esq., Sanders & Associates, West Sacramento, CA, Barbara A. Morris, Esq., Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: HUG, BRUNETTI, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Kamal Sefeldeen ("Petitioner"), an Egyptian Muslim inmate currently incarcerated at San Quentin State Prison in California, seeks review of the district court's grant of summary judgment in favor of Appellees, several Folsom State Prison officials and employees. The district court determined that Appellees were entitled to qualified immunity against Petitioner's claims of violations of his constitutional rights relating to his religious dietary needs and confidential communication with his embassy and consulate while at Folsom State Prison. Petitioner also seeks review of the district court's denial of his motion for injunctive and declaratory relief challenging conditions at San Quentin. Because the facts of the case are known to the parties, we do not reiterate them here.

A district court's grant of summary judgment is reviewed de novo. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003). Petitioner first argues that the district court improperly granted Appellees' summary judgment motion on his religious dietary claims. The first question to be decided in a qualified immunity analysis is whether Petitioner's allegations, taken in the light most favorable to him, show that the Appellees violated a constitutional or statutory right of Petitioner. *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir.2002) (citing *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). If no constitutional or statutory right was violated, the analysis ends and Appellees are protected from liability. *Id.* If Petitioner successfully alleges a viola-

tion of his constitutional or statutory rights, the analysis proceeds to determine whether the law governing the state official's conduct was clearly established, such that a reasonable state official would have known that his conduct was unlawful. *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (per curiam).

Under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... even if the burden results from a rule of general applicability" unless the government can establish that the imposition of the burden "is in furtherance of a compelling governmental interest" *and* furthers that interest by use of the "least restrictive means." 42 U.S.C. § 2000cc–1(a)(1) & (2); *Cutter v. Wilkinson*, 544 U.S. 709, 720, 125 S.Ct. 2113, 161 L.Ed.2d 1020 (2005) (upholding the constitutionality of RLUIPA). Thus, in order to demonstrate a violation of his statutory rights under the qualified immunity analysis, Petitioner must bear the initial burden of producing evidence to demonstrate a prima facie claim that Appellees' prison dietary policies constitute a substantial burden on the exercise of Petitioner's religious beliefs in violation of RLUIPA. 42 U.S.C. § 2000cc–2(b); *Warsoldier v. Woodford*, 418 F.3d 989, 994 (9th Cir.2005). If Petitioner can meet this initial burden, Appellees must then bear the burden of proving that any substantial burden on Petitioner's religious exercise is both "in furtherance of a compelling government interest" and "the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc–1(a); § 2000cc–2(b). Although RLUIPA does

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

not define "substantial burden," we have found that it must be "oppressive" to a "significantly great" extent, such that it renders religious exercise "effectively impracticable." *San Jose Christian College v. City of Morgan Hill,* 360 F.3d 1024, 1034–35 (9th Cir.2004).

Considering the specific facts of this case, Petitioner fails to carry his evidentiary burden of proof that Appellees' dietary policies substantially burdened him in the exercise of his religion. Petitioner identifies no evidence in the record suggesting that eating the offered vegetarian meal plan violated any principles of his personal religious beliefs. Petitioner's complaints to Appellees at the administrative level focused on the perceived nutritional inadequacy of the vegetarian diet, not that eating vegetarian meals violated his religious beliefs. Nutritional analyses showed the vegetarian meal option more than satisfied recommended dietary allowances, and Petitioner could point to no adverse physical effects directly resulting from the vegetarian meal plan. Petitioner's complaints do not reveal a substantial burden, especially when compared to cases where inmates faced punishment or loss of coveted privileges for following their religious beliefs. *See Warsoldier,* 418 F.3d at 995–96.

Although Petitioner now claims that a vegetarian diet violates his religious beliefs, pointing to two religious proclamations prepared for submission with his response to Appellees' summary judgment motion, Petitioner did not argue that vegetarianism violated his beliefs at the administrative level, and therefore, as found by the district court, did not properly exhaust that issue. *See Cutter,* 544 U.S. at 723 n. 12, 125 S.Ct. 2113. As a result, at this stage Petitioner cannot meet the burden of establishing RLUIPA's requirement that his religious beliefs were substantially burdened by Appellees' policies.

Petitioner also claims the dietary policy at the prison violated his First Amendment right to the free exercise of religion. Free exercise challenges to prison policies are assessed under the *Turner* four-factor "reasonableness" test. *See Turner v. Safley,* 482 U.S. 78, 89–90, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987).

The first *Turner* factor requires "a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it." *Turner,* 482 U.S. at 89, 107 S.Ct. 2254 (internal quotation marks and citation omitted). Here, the legitimate governmental interest is to reasonably accommodate thousands of inmates' religious dietary needs while also considering budgetary, staff, and security limitations. The vegetarian meal plan is rationally connected to this interest—it was a feasible option, considering limited resources, developed after consulting a Muslim chaplain who approved such a diet as acceptable for Muslim inmates, and did not force inmates to consume any foods in violation of their dietary restrictions.

The second *Turner* factor considers "whether there are alternative means of exercising the right that remain open to prison inmates." *Id.* at 90, 107 S.Ct. 2254. Here, Appellees did not infringe upon Petitioner's "other avenues" of religious expression or practice. *Id.* Petitioner was not forced to violate dietary rules, and has not claimed other aspects of his worship were inhibited.

The third *Turner* factor considers "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally" considering that "[i]n the necessarily closed environment of the correctional institution, few changes will have no ramifications on the liberty of others or on the use of the

prison's limited resources for preserving institutional order." *Id.* As stated by Appellees, there was a lack of sufficient resources to create menus for each individual religion that existed at the prison. The vegetarian meal accommodation avoided the budgetary disruption inherent to completely individualizing religious menus, while still providing religiously acceptable meals to inmates.

The fourth *Turner* factor considers the availability of "obvious, easy alternatives," because "if an inmate claimant can point to an alternative that fully accommodates the prisoner's rights at *de minimis* cost to valid penological interests, a court may consider that as evidence that the regulation does not satisfy the reasonable relationship standard." *Id.* at 90–91, 107 S.Ct. 2254. Here, the provision of Halal meat, as advocated by Petitioner, does not consider budgetary and security limitations and is not an easy alternative. The vegetarian meal plan represented a compromise by which religious accommodation could be provided within budgetary limitations.

Consequently, Petitioner's allegations cannot show that the Appellees' vegetarian meal plan violated his constitutional or statutory rights, making the grant of qualified immunity on the religious dietary issue appropriate. *Clement,* 298 F.3d at 903.

Petitioner also contests the district court's grant of summary judgment, also based on qualified immunity, to Appellees on the *confidential communications* claim. Petitioner claims an absolute and unqualified right to send confidential mail from prison to his embassy. Petitioner has not cited authority that establishes such an absolute and unqualified right. We do not reach the questions that might be presented if Petitioner's claim were made and

supported in a more nuanced and qualified manner.

As such, Petitioner fails to identify a constitutional violation, making the grant of summary judgment based on qualified immunity appropriate.

Finally, Petitioner contends that the district court wrongly denied his motion for declaratory and injunctive relief regarding conditions at San Quentin prison. However, the district court properly dismissed the motion, as it concerned defendants not party to the pending action. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 112, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969). Sefeldeen was unable to add in new defendants because he had not exhausted the new claims prior to bringing the action. *McKinney v. Carey,* 311 F.3d 1198, 1200–01 (9th Cir.2002) (per curiam). As such, the district court was correct in denying the motions.

**AFFIRMED.**