MEMORANDUM **
California state prisoner Louis Francis appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003). We affirm.
The district court properly dismissed Francis’s retaliation claim because Francis did not properly exhaust prison grievance procedures. See Woodford v. Ngo, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that “proper exhaustion” requires adherence to administrative procedural rules). To the extent that Francis argues that he exhausted the claim after filing a complaint in district court, that argument is foreclosed by McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir.2002) (per curiam), which requires inmates to exhaust administrative procedures prior to filing suit in federal court.
Contrary to Francis’s contentions, the district court did not abuse its discretion by considering arguments raised by the defendants for the first time in their objections to the magistrate judge’s recommendation. See United States v. Howell, 231 F.3d 615, 621 (9th Cir.2000) (“[A] district court has discretion ... to consider evidence presented for the first time in a party’s objection to a magistrate judge’s recommendation”). Further, Francis’s “Reply to the Defendant’s Objection to Magistrate Judge’s Findings and Recommendations,” belies his contention that he did not have an opportunity to refute the defendants’ arguments in the district court.
We will not consider Francis’s argument regarding his alleged challenge to *110 the prison Appeals Coordinator’s screening decision, because the argument is raised for the first time on appeal. See Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir.1999) (noting that, as a general rule, the court will not consider arguments that are raised for the first time on appeal).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.