**Robert V. TUZON, Plaintiff—
Appellant,**

v.

**METZLER, sued in his individual
& official capacity;  et al.,
Defendants—Appellees.**

No. 05–16692.

United States Court of Appeals,
Ninth Circuit.

Submitted April 13, 2009.*

Filed April 28, 2009.

Robert V. Tuzon, Tucson, AZ, pro se.

Wanda Ellen–Marie Hofmann, Office of the Arizona Attorney General, Tucson, AZ, for Defendants–Appellees.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GRABER, GOULD, and BEA, Circuit Judges.

### MEMORANDUM **

Arizona state prisoner Robert V. Tuzon appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging excessive force, deliberate indifference, and retaliation against the defendant prison officials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment, *Barnett v. Centoni,* 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and its determination regarding exhaustion of administrative remedies, *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir. 2003). We may affirm on any ground supported by the record. *O'Guinn v. Lovelock Corr. Ctr.,* 502 F.3d 1056, 1059 (9th Cir.2007). We affirm in part, vacate in part, and remand.

We affirm on the basis that Tuzon failed to exhaust administrative remedies properly as to any of his claims before filing a complaint in federal court, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Woodford v. Ngo,* 548 U.S. 81, 90–91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that "proper exhaustion" requires adherence to administrative procedural rules); *McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (holding that exhaustion under § 1997e(a) must occur prior to commencement of the action).

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Because the proper resolution is dismissal of the claims without prejudice, we vacate the judgment and remand for the sole purpose of dismissing the claims without prejudice. *See Wyatt*, 315 F.3d at 1120.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.