**Ruben Odell BOULWARE,**
Plaintiff–Appellant,

v.

**D.M. DUNSTAN, Sergeant; et al., Defendants–Appellees.**

No. 08–15241.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

Ruben Odell Boulware, San Luis Obispo, CA, pro se.

Emily L. Brinkman, Deputy Attorney General, AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

Ruben Odell Boulware, a California state prisoner, appeals pro se from the

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

62

district court's judgment dismissing without prejudice his retaliation and access to courts claims for failure to exhaust administrative remedies under the Prison Litigation Reform Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir.2007), and we affirm.

█ The district court properly dismissed Boulware's retaliation claim because, as Boulware concedes, he exhausted this claim after he filed suit. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam) (holding that prisoners must exhaust their administrative remedies prior to filing suit, not during the pendency of the suit).

█ The district court properly dismissed Boulware's access to courts claim because he failed to pursue this claim beyond the first level of administrative review, at which time officials dismissed the appeal for failure to cooperate with the reviewer. *See Woodford v. Ngo*, 548 U.S. 81, 88, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that the PLRA requires proper exhaustion of administrative remedies, which means that a prisoner must complete the administrative review process in accordance with the applicable procedural rules as a precondition to bringing suit); *see also* Cal.Code Regs. tit. 15, § 3084.4(d) ("An appellant's refusal to be interviewed or cooperate with the reviewer shall result in cancellation of the appeal.").

█ Boulware forfeited any challenge to the district court's grant of summary judgment by failing to raise the issue in his opening brief. *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir.1986).

**AFFIRMED.**