**Robert E. COLEMAN, Plaintiff—
Appellant,**

v.

**C. FROST; et al., Defendants—
Appellees.**

**No. 07–55426.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Robert E. Coleman, Lancaster, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument and there-

Susan Eileen Coleman, Esq., AGCA–Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Robert E. Coleman, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's application of substantive law de novo and its factual determinations for clear error, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.

The district court properly dismissed the action because Coleman did not complete the prison grievance process prior to filing suit, and failed to demonstrate that he was obstructed from doing so. *See Woodford v. Ngo*, 548 U.S. 81, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and requires adherence to administrative procedural rules); *see also McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam) (requiring inmates to exhaust administrative remedies prior to filing suit in federal court).

We construe the judgment as dismissing without prejudice. *See Wyatt*, 315 F.3d at 1120.

Coleman's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

