Gary William HALLFORD,
Plaintiff—Appellant,

v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS; et al.,
Defendants—Appellees.

No. 07–15335.

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2009.*

Filed July 8, 2009.

Gary William Hallford, Vacaville, CA, pro se.

Barbara A. Morris, Esquire, Megan R. O'Carroll, AGCA–Office of the California Attorney General (SAC), Sacramento, CA, for Defendants–Appellees.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

California state prisoner Gary William Hallford appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action, without prejudice, for a failure to exhaust administrative remedies as required by the Prison Litigation and Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review the factual findings regarding exhaustion for clear error and the application of law de novo. *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003). We affirm in part, vacate in part, and remand.

The district court correctly determined that Hallford's procedurally defective and post-suit grievances did not satisfy the exhaustion requirement. *See Woodford v. Ngo,* 548 U.S. 81, 90–91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

"proper exhaustion" requires adherence to administrative procedural rules); *McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir.2002) (holding that exhaustion under 42 U.S.C. § 1997e(a) must occur prior to the commencement of the action).

The district court recognized that Hallford terminated his administrative appeal at the first formal level of appeal after his request for a vegetarian meal card was granted. Having received all available remedies within the administrative process, Hallford was not required to continue to appeal this issue for purposes of exhaustion. *See Brown v. Valoff,* 422 F.3d 926, 935 (9th Cir.2005) (concluding that "a prisoner need not press on to exhaust further levels of review once he has [ ] received all 'available' remedies"). Therefore the district court should not have dismissed Hallford's claim regarding the September 19, 2004 grievance over non-issuance of a vegetarian meal card. We vacate the judgment with respect to the dismissal of Hallford's First Amendment claim regarding the denial of a vegetarian meal card and remand for further proceedings since Hallford may be entitled to pursue a claim for damages.

Hallford's remaining contentions are unpersuasive.

We grant Hallford's "Motion for Addendum to Previously Submitted Exhibits." The Clerk shall file the exhibit attached to the Motion received on May 19, 2009.

Each party shall bear their own costs.

**AFFIRMED in part; VACATED in part, and REMANDED.**