**Ivan TURNER, Plaintiff–Appellant,**

v.

**John T. DUNLAP, Defendant–Appellee,**

and

**M.C. Krammer; et al., Defendants.**

No. 08–17391.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2009.*

Filed Sept. 1, 2009.

Ivan Turner, Vacaville, CA, pro se.

Rebecca Lynn Bach, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendant–Appellee.

Before: WALLACE, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Ivan Turner, a California state prisoner, appeals pro se from the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action alleging that a prison doctor acted with deliberate indif-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003). We affirm.

The district court properly dismissed the action because Turner did not properly exhaust available prison remedies before filing suit in federal court. *See McKinney v. Carey,* 311 F.3d 1198, 1200–01 (9th Cir. 2002) (per curiam) (holding that inmates may not satisfy exhaustion requirements while the federal action is pending); *see also Brown v. Valoff,* 422 F.3d 926, 935 (9th Cir.2005) ("[T]he obligation to exhaust available remedies persists as long as some remedy remains available.").

Turner's remaining contentions are unpersuasive.

Turner's motion for appointment of counsel is denied as moot.

**AFFIRMED.**

