**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERALD REYNOLDS, Jr., <br><br>        Plaintiff - Appellant, <br><br>   v. <br><br> G. STARCEVICH, Dr.; et al., <br><br>        Defendants - Appellees. | No. 12-15662 <br><br> D.C. No. 2:11-cv-00326-GEB-CMK <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

Former California state prisoner Gerald Reynolds, Jr., appeals pro se from

the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo a dismissal for failure to exhaust administrative remedies.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  We affirm.

The district court properly dismissed Reynolds's action because Reynolds failed to exhaust his administrative remedies prior to filing suit.  *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring exhaustion of administrative remedies prior to filing suit).

To the extent that Reynolds alleges that defendants violated his constitutional rights in the processing of his grievance, he fails to state a claim because Reynolds has no constitutional right to a specific prison grievance procedure.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

**AFFIRMED.**