**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOWARD ALLEN YOUNG, | No. 12-16491 |
| Plaintiff - Appellant, | D.C. No. 1:07-cv-01121-AWI-GSA |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted December 17, 2013[**]

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

California state prisoner Howard Allen Young appeals pro se from the

district court's judgment in his 42 U.S.C. § 1983 action alleging various

constitutional violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (failure to exhaust administrative remedies); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Young's retaliation claim against defendant Barron because Young failed properly to exhaust his administrative remedies against this defendant prior to filing suit and failed to demonstrate that administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *McKinney v. Carey*, 311 F.3d 1198, 1199-201 (9th Cir. 2002) (per curiam) (prison grievance process must be completed before a civil rights action is filed; exhaustion during the pendency of the litigation will not save an action from dismissal as it is a precondition to suit).

The district court properly dismissed Young's due process claim against defendant Barron arising from the alleged deprivation of his property by that defendant because Young had an adequate post deprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n

2                                                                                                    12-16491

unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available.").

Dismissal of Young's newly raised claims in his Second Amended Complaint was proper because Young's allegations concerning punishment for refusing double cell housing, his classification status, and violation of his privacy related to an intercepted medical request failed to state a claim. *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (liberal interpretation of a pro se complaint may not supply essential elements of a claim that were not pled).

Issues that are not specifically and distinctly raised and argued in the opening brief, including those related to the dismissal of the remaining claims in Young's Second Amended Complaint, the denial of Young's motions for summary judgment, and the denial of Young's motion for reconsideration, are deemed waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

We do not consider Young's argument concerning an Eighth Amendment violation in the denial of access to shower shoes because it was raised for the first time on appeal. *See id.*

Young's unopposed motion to file a late reply brief is granted, and the Clerk shall file the reply brief received on September 30, 2013.

**AFFIRMED.**