**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DWAYNE GILES,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>TOM FELKER, Warden; et al.,<br><br>Defendants-Appellees. | No. 16-15683<br><br>D.C. No. 2:11-cv-01825-WBS-EFB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Submitted April 11, 2017[**]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner Dwayne Giles appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging deliberate indifference to medical needs.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Williams v. Paramo*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Giles did not exhaust his claims prior to filing this action and failed to raise a genuine dispute of material fact as to whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see also Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006) (to properly exhaust, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules"); *Brown v. Valoff*, 422 F.3d 926, 943 n.18 (9th Cir. 2005) (argument that delay in responding to a grievance caused administrative remedies to be effectively unavailable must be supported by facts showing that prisoner was prejudiced by the delay); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (exhaustion must be completed before a § 1983 action is filed; exhaustion during the pendency of the litigation is insufficient because exhaustion is a precondition to suit).

Contrary to Giles's contention, exhaustion of administrative remedies before filing an amended complaint alleging the same claims does not constitute proper exhaustion. *See Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014)

16-15683

(explaining exception to exhaustion during pendency of action where new claims are alleged in amended complaint).

We reject as without merit Giles's contentions that the district court was required to address exhaustion at screening and that defendants waived exhaustion by not raising it in a motion to dismiss.

Giles's motion (Docket Entry No. 36) is denied.

**AFFIRMED.**