**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENTRELL D. WELCH, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> GAVIN LIGGETT; JAMES LARRY WUEST; JORDAN GUNDERSON; DUGAN, C.C. S.W. Sgt; WILLIAMS; NASH, Miss; KEITH MCKEECHAN, <br><br> Defendants-Appellees. | No.   23-15200 <br><br> D.C. No. 2:19-cv-01243-CDS-NJK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted March 8, 2024
Las Vegas, Nevada

Before:  M. SMITH, BENNETT, and COLLINS, Circuit Judges.

Kentrell Welch is an inmate in the custody of the Nevada Department of

Corrections (NDOC).  Welch sued Defendants—a group of NDOC correctional

personnel—alleging Defendant Gavin Liggett had retaliated against Welch after

Welch filed a complaint against Liggett and alleging Defendants failed to protect

---

[*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Welch from other inmates. The district court granted Defendants' motion for summary judgment after concluding that Welch had failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Welch appeals and argues there was a genuine issue of material fact as to whether NDOC's administrative remedies were available to him such that the district court erred in granting summary judgment. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo a district court's grant of summary judgment, construing the evidence in the light most favorable to the nonmoving party. *Tschida v. Motl*, 924 F.3d 1297, 1302–03 (9th Cir. 2019). The PLRA requires prisoners to exhaust all available administrative remedies before filing a lawsuit concerning prison conditions. *See* 42 U.S.C. § 1997e(a). We review the district court's legal rulings on exhaustion de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc).

To comply with the PLRA's exhaustion requirement, Welch must follow the procedure set forth in NDOC's Administrative Regulation 740 (AR 740). AR 740 provides a four-step process for inmates to exhaust administrative remedies. First, inmates must seek resolution of their grievances through alternative means, "such as discussion with staff or submitting an inmate request form." AR 740.08(1). If the inmate's complaint is not resolved through the alternative means, the inmate initiates

2

a three-step process for escalating the grievance. *See* AR 740.08–740.10. The inmate's first step in this process (the second step overall) is to file an informal grievance. AR 740.08. If the informal grievance is denied, the inmate may escalate the complaint to a formal grievance, and if that is also denied, the inmate may escalate the complaint to a second-level formal grievance. AR 740.08, 740.09. Welch was clearly aware of how these procedures worked. From 2014 to 2021, Welch filed 189 grievances through the processes outlined in AR 740. Welch won five outright and prevailed in part on three.

Welch argues AR 740 is "so opaque that it becomes, practically speaking, incapable of use." *Ross v. Blake*, 578 U.S. 632, 643 (2016). But administrative procedures "need not be sufficiently 'plain' as to preclude any reasonable mistake or debate with respect to their meaning." *Id.* at 644. The administrative remedies "need not meet federal standards, nor must they be plain, speedy, and effective." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotation marks and citation omitted). Welch's argument that AR 740 is so opaque that it is unusable is belied by his own experiences, including achieving some success.

Welch also seeks to excuse his failure to exhaust by arguing that NDOC's grievance system was unavailable *to him*. This excuse is unavailable when the inmate can "have no *reasonable* belief that administrative remedies were effectively unavailable," because the inmate was "specifically instructed" on how to appeal a

denial of a grievance, but the inmate "did not follow those instructions." *Sapp v. Kimbrell*, 623 F.3d 813, 826 (9th Cir. 2010). Welch filed two grievances—one for his retaliation claim and one for his failure-to-protect claim. The first was not accepted because he improperly denoted it as "For Tracking Purposes Only." Welch was informed that his grievance was not accepted, and he was instructed he needed to follow the procedure outlined in AR 740.08(1), which details the informal level grievance procedure. Welch did not follow that procedure. Welch can have no "reasonable good faith belief" that the administrative remedies were unavailable, because he was instructed on how to correct his grievance. *Id.* at 827. Prior to the filing of the operative complaint in this case, Welch did file an informal grievance on August 29, 2019, re-raising his July 2019 retaliation claim, but that renewed claim was rejected on the ground that it violated the limitation that, as a general matter, no more than one grievance could be filed per week. Welch did not thereafter attempt to resubmit that retaliation claim. Contrary to what Welch contends, the record is clear that Welch had in fact violated the one-per-week limitation: the August 29 renewal of his earlier July retaliation claim was rejected because it was the second grievance filed by him during that week in August.

As for his failure-to-protect grievance, Welch filed his grievance on July 9, 2019, and was relocated to a segregation unit to address his safety concerns on July 16. Welch did not escalate his failure-to-protect grievance after receiving this

4

remedy until February 2021, almost a year after he filed the operative amended complaint on March 26, 2020. *See Saddozai v. Davis*, 35 F.4th 705, 708 (9th Cir. 2022) (noting "[e]xhaustion requirements apply based on when a plaintiff files the operative complaint" (citation omitted)). Therefore, because Welch's failure-to-protect grievance was addressed, and he did not escalate his grievance before filing his amended complaint, he failed to exhaust his available administrative remedies. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (holding that where a prisoner is in the process of exhausting administrative remedies but has not yet completed the exhaustion process, "dismissal is required under 42 U.S.C. § 1997e(a)").

**AFFIRMED.**