MEMORANDUM **
Arizona state prisoner Robert V. Tuzon appeals pro se from the district court’s summary judgment in his 42 U.S.C. § 1983 action alleging excessive force, deliberate indifference, and retaliation against the defendant prison officials. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court’s grant of summary judgment, Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and its determination regarding exhaustion of administrative remedies, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003). We may affirm on any ground supported by the record. O’Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056, 1059 (9th Cir.2007). We affirm in part, vacate in part, and remand.
We affirm on the basis that Tuzon failed to exhaust administrative remedies properly as to any of his claims before filing a complaint in federal court, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Woodford v. Ngo, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that “proper exhaustion” requires adherence to administrative procedural rules); McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam) (holding that exhaustion under § 1997e(a) must occur prior to commencement of the action).
*637 Because the propex* l'esolution is dismissal of the claims without prejudice, we vacate the judgment and l'emand for the sole pxu’pose of dismissing the claims without prejudice. See Wyatt, 315 F.3d at 1120.
The parties shall bear their own costs on appeal.
AFFIRMED in part, VACATED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.