**Reginald MAIDEN, Plaintiff–Appellant,**

v.

**LA COUNTY SHERIFF'S DEPARTMENT MEN'S CENTRAL JAIL; et al., Defendants–Appellees.**

No. 05–55732.

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

R.App. P. 34(a)(2).

Reginald Maiden, Corcoran, CA, pro se.

Peter M. Glick, Esq., Office of the County Counsel Kenneth Hahn Hall of Administration, Los Angeles, CA, for Defendants–Appellees.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

### MEMORANDUM **

Reginald Maiden, a California state prisoner, appeals pro se from the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's application of substantive law de novo and its factual determinations for clear error, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.

The district court properly dismissed Maiden's action because Maiden did not complete the prison grievance process prior to filing suit, and failed to demonstrate that he was obstructed from doing so. *See*

*Woodford v. Ngo*, 548 U.S. 81, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and requires adherence to administrative procedural rules); *see also McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam) (requiring inmates to exhaust administrative remedies prior to filing suit in federal court).

We deny as unnecessary Maiden's request that we take judicial notice of the district court record.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

