MEMORANDUM **
Allace Leeroy Cornellier, an Arizona state prisoner, appeals pro se from the district court’s judgment dismissing without prejudice his access to courts claims for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and dis *76 missing other causes of action for failure to state a claim pursuant to 28 U.S.C. § 1915A. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court’s dismissal under § 1915A, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000), and its application of substantive law, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and review for clear error its factual determinations, id. We affirm in part and dismiss in part.
The district court properly dismissed Cornellier’s access to courts claims because he did not complete the prison grievance process prior to filing suit, and failed to demonstrate that he was obstructed from doing so. See Woodford v. Ngo, 548 U.S. 81, 93-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that “proper exhaustion” under § 1997e(a) is mandatory and requires adherence to administrative procedural rules); see also McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam) (requiring inmates to exhaust administrative remedies prior to filing suit in federal court).
We affirm the district court’s dismissal of Cornellier’s remaining claims regarding violations under the Eighth and Fourteenth Amendments for the reasons stated in the district court’s order entered January 11, 2005.
We dismiss as moot Cornellier’s challenge to the district court’s order denying his motion for a temporary restraining order and preliminary injunction, because he has since been transferred out of the detention unit. See Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir.1995).
Cornellier’s remaining contentions are unpersuasive.
AFFIRMED in part and DISMISSED in part.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.