Keith W. CANDLER, Plaintiff—
Appellant,

v.

M.S. EVANS, Warden; et al.,
Defendants—Appellees.

No. 08–16006.

United States Court of Appeals,
Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Keith W. Candler, Represa, CA, pro se.

Kenneth T. Roost, Esquire, Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Keith W. Candler, a California state prisoner, appeals pro se from the district court's summary judgment and order dismissing his 42 U.S.C. § 1983 action alleging that prison personnel acted with deliberate indifference to his medical needs and interfered with his access to courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004) (summary judgment); *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003) (dismissal). We affirm.

■ The district court properly granted summary judgment on Candler's deliberate indifference claim because Candler failed to raise a genuine issue of material fact as to whether defendants knew of and disregarded a substantial risk of serious harm to him. *See Toguchi,* 391 F.3d at 1057 (affirming summary judgment where there was no evidence that the defendant was subjectively aware that her actions created a substantial risk of serious harm); *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir.1989) (explaining that a difference of medical opinion concerning treatment does not amount to deliberate indifference).

■ The district court properly dismissed Candler's access to court's claim because he did not properly exhaust his administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See Woodford v. Ngo,* 548 U.S. 81, 85, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" requires adherence to administrative procedural rules); *see also McKinney v. Carey,* 311 F.3d 1198, 1199–1200 (9th Cir.2002) (per curiam) (holding that a prisoner must exhaust administrative remedies before, not after, filing suit in federal court).

■ The district court did not abuse its discretion by denying Candler's motion to appoint counsel because the case did not present exceptional circumstances. *See Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir.2004).

Candler's remaining contentions are unpersuasive.

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.