Kenneth G. WILLIAMS,
Plaintiff–Appellant,

v.

John DOE, Dr., Intake Center; et
al., Defendants–Appellees.

No. 08–35893.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2009.*

Filed Aug. 17, 2009.

Kenneth G. Williams, Portland, OR, pro se.

Leonard W. Williamson, Esquire, Denise Gale Fjordbeck, Assistant Attorney General, AGOR–Office of the Oregon Attorney General, Salem, OR, Christopher John

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mertens, Esquire, Miller Mertens Spanner & Comfort, PLLC, Kennewick, WA, for Defendants–Appellees.

Before: KLEINFELD, M. SMITH, and IKUTA, Circuit Judges.

MEMORANDUM **

Kenneth G. Williams appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging violations under the Eighth and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim, *Barnett v. Centoni,* 31 F.3d 813, 816 (9th Cir.1994) (per curiam), its summary judgment, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and its dismissal for failure to exhaust, *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003), and review for clear error its factual determinations, *id.* We affirm in part, vacate in part, and remand.

The district court properly dismissed Williams's conspiracy and equal protection claims against defendants Inland Cardiology and Nadar for failure to state a claim. *See Ivey v. Bd. of Regents,* 673 F.2d 266, 268 (9th Cir.1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").

The district court properly granted summary judgment for Inland Cardiology and Nadar on Williams's Eighth Amend-

ment claims because Williams failed to raise a triable issue as to whether the treatment provided was "medically unacceptable under the circumstances" and that defendants "chose this course in conscious disregard of an excessive risk to his health." *Jackson v. McIntosh,* 90 F.3d 330, 332 (9th Cir.1996).

The district court properly dismissed Williams's claims against the prison defendants because he did not complete the prison grievance process prior to filing suit. *See Woodford v. Ngo,* 548 U.S. 81, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and requires adherence to administrative procedural rules); *see also McKinney v. Carey,* 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam) (requiring inmates to exhaust administrative remedies prior to filing suit in federal court). However, we vacate the judgment with respect to these claims and remand for dismissal without prejudice. *See Wyatt,* 315 F.3d at 1120 (providing that the proper remedy for non-exhaustion is dismissal without prejudice).

We grant the prison defendants' request for judicial notice.

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.