MEMORANDUM **
Charles T. Davis, a California state prisoner, appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). He also appeals the district court’s order denying his motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal for failure to exhaust, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir. 2003), and review for abuse of discretion the denial of reconsideration, Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.
The district court properly dismissed the action because Davis clearly conceded that he failed to exhaust prison grievance procedures prior to filing suit. See Wyatt, 315 F.3d at 1120 (“A prisoner’s [clear] concession to nonexhaustion is a valid ground for dismissal .... ”); see also Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (requiring exhaustion of administrative remedies regardless of the type of relief sought); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir.2002) (per curiam) (requiring exhaustion of administrative remedies pri- or to filing suit).
The district court did not abuse its discretion by denying Davis’s motion for reconsideration because the motion provided no basis for relief from the judgment. See Sch. Dist. No. 1J, 5 F.3d at 1263.
Because the district court properly dismissed the action, Davis’s motion for injunctive relief was moot. See Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 521 (9th Cir.1999) (“If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.