MEMORANDUM **
California state prisoner Will Moses Palmer appeals pro se from the district court’s order dismissing his due process claim without prejudice for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and granting summary judgment on his excessive force claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo both the exhaustion determination, Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003), and the grant of summary judgment, Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We affirm.
The district court properly dismissed the due process claim because Palmer did not complete the prison grievance process before filing suit in federal court. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir.2002) (per curiam) (holding that exhaustion under § 1997e(a) must occur prior to commencement of the action).
The district court properly granted summary judgment on the excessive force claim because Palmer failed to raise a triable issue as to whether the defendants used excessive force while removing him from the courthouse and placing him in a vehicle after he failed to comply with defendants’ orders and resisted their attempts to regain control over him. See Clement v. Gomez, 298 F.3d 898, 903 (9th Cir.2002) (“Force does not amount to [a violation of the Eighth Amendment] if it is applied in a good faith effort to restore discipline and order and not maliciously and sadistically for the very purpose of causing harm.”) (citation and internal quotation marks omitted).
Palmer’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.