**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CHARLES N. BROWN, | No. 08-35809 |
| Plaintiff - Appellant, | D.C. No. 3:07-CV-00637-BR |
| v. | |
| JOHN REX, M.D.; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted December 15, 2009[**]

Before:      GOODWIN, WALLACE, and CLIFTON, Circuit Judges.

Charles N. Brown, an Oregon state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action for failure to exhaust

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

PDM/Research

administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to exhaust, and for clear error its factual determinations, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and we affirm.

The district court properly dismissed the action because Brown did not complete the administrative appeals process in accordance with the administrative procedural rules or demonstrate that he was obstructed from doing so. *See Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006) (explaining that "proper exhaustion" under § 1997e(a) requires inmates to complete "all steps that the agency holds out" and to follow administrative procedural rules); *see also McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring inmates to exhaust administrative remedies prior to filing suit in federal court).

We will not consider documents presented for the first time on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) (explaining that documents not presented to the district court are not part of the record on appeal).

Brown's remaining contentions are unpersuasive.

**AFFIRMED.**