**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GREGORY SYLVESTER RIDEAU, Jr., | No. 09-15924 |
| Plaintiff - Appellant, | D.C. No. 2:05-cv-01709-FCD-KJM |
| v. | |
| JEANNE S. WOODFORD, Warden; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Frank C. Damrell, Jr., District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Gregory Sylvester Rideau, Jr., a California state prisoner, appeals pro se

from the district court's judgment dismissing his claims against certain defendants

and summarily adjudicating his remaining claim in his 42 U.S.C. § 1983 action

alleging deliberate indifference to medical needs.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo a dismissal for failure to exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and a grant of summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm.

The district court properly dismissed the sole claim against defendant James related to inadequate medical care because Rideau failed to exhaust administrative remedies as to this claim before filing suit as required under the Prison Litigation Reform Act ("PLRA").  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted."); *see also McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring dismissal where prisoner fails to exhaust administrative remedies before filing suit and tries to do so while case is pending).

The district court properly dismissed the claim against defendant Runnels related to the denial of outdoor exercise during six prison lockdowns because Rideau failed to properly exhaust his administrative remedies concerning these incidents.  *See Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006) ("proper exhaustion" under the PLRA means that "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court").

The district court properly granted summary judgment on qualified immunity grounds on Rideau's remaining claim as to the denial of outdoor exercise during the seventh prison lockdown because, even viewing the evidence in the light most favorable to Rideau as the nonmoving party, he failed to raise a triable issue that denying him outdoor exercise under the circumstances violated his constitutional rights. *See Norwood v. Vance*, 591 F.3d 1062, 1068-70 (9th Cir. 2010) (granting qualified immunity on deliberate indifference claim because right to outdoor exercise is not absolute but must be balanced against prison officials' duty to keep inmates safe from each other, especially during security lockdowns to stop violence); *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982) (prison officials' decision to impose restrictions such as limits on inmate access to outdoor exercise in response to emergencies involving institutional safety and security must be given wide-ranging deference).

Rideau's motion for leave to add new claims and parties in his complaint is denied as untimely and beyond the scope of this appeal. *See* Fed. R. Civ. P. 15.

Rideau's remaining contentions, including those regarding the two recent cases cited in his "Notice of Newly Discovered Evidence," are unpersuasive.

**AFFIRMED.**