**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRIAN LYLE ANDERSON,

Plaintiff - Appellant,

v.

GREG FIZER; et al.,

Defendants - Appellees.

No. 10-16547

D.C. No. 2:09-cv-00609-JWS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Submitted May 24, 2011[**]

Before:     PREGERSON, THOMAS, and PAEZ, Circuit Judges.

Brian Lyle Anderson, an Arizona state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action for failure to

exhaust administrative remedies under the Prison Litigation Reform Act, 42 U.S.C.

§ 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal for failure to exhaust, and for clear error its factual determinations. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003). We affirm.

The district court properly dismissed Anderson's action because he failed to exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) ("proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring exhaustion of administrative remedies prior to filing suit).

We do not consider facts presented for the first time on appeal. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Anderson's remaining contentions are unpersuasive.

**AFFIRMED.**

10-16547