**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TODD LEWIS ASHKER; DANNY TROXELL, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER; et al., <br><br> Defendants - Appellees. | No. 10-15911 <br><br> D.C. No. 4:05-cv-03286-CW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted December 19, 2011[**]

Before:      GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

California state prisoners Todd Lewis Ashker and Danny Troxell appeal pro

se from the district court's judgment in their 42 U.S.C. § 1983 action.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

exhaust, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and the entry of summary judgment, *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003). We affirm.

The district court properly dismissed portions of plaintiffs' claims under the First, Fifth, Eighth, and Fourteenth Amendments and the Ex Post Facto Clause for failure to exhaust because certain of their grievances failed to comply with the regulations or describe the facts underlying these claims, while others were not exhausted before they filed the action. *See Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006) (requiring proper exhaustion); *Griffin v. Arpaio*, 557 F.3d 1117, 1120-21 (9th Cir. 2009) (grievances must give notice of claim); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (standard for timely exhaustion).

The district court properly granted partial summary judgment on plaintiffs' First Amendment claim because they failed to raise a genuine dispute of material fact as to whether regulations prohibiting materials with obscenity for health or security reasons were unconstitutional, including as applied to deny them access to the biker and tattoo art magazines at issue in their complaint. *See Thornburgh v. Abbott*, 490 U.S. 401, 416-17 (1989); *Turner v. Safley*, 482 U.S. 78, 93 (1987).

The district court properly granted summary judgment on plaintiffs' Fourteenth Amendment claim because they failed to raise a triable dispute as to whether Ashker's parole denial, Ashker's validation as a prison gang affiliate, or

both plaintiffs' lack of access to rehabilitative programs in segregation denied them due process. *See Swarthout v. Cooke*, 131 S. Ct. 845, 862-63 (2011) (parole denial); *Bruce*, 351 F.2d at 1287-88 (gang validation); *Hoptowit v. Ray*, 682 F.2d 1237, 1254-55 (9th Cir. 1982) (programming access). The district court also properly concluded that Troxell failed to raise a triable dispute as to whether the continuing violations theory salvaged his time-barred due process claim as to his gang validations. *See Knox v. Davis*, 260 F.3d 1009, 1013-14 (9th Cir. 20o1).

The district court did not abuse its discretion in denying three of plaintiffs' discovery motions for unduly broad, burdensome, and confidential materials. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (clearest showing of actual and substantial prejudice needed to reverse trial court's discovery rulings).

Plaintiffs' remaining contentions, including with respect to being denied leave to file a motion for reconsideration of summary judgment, are unpersuasive.

Plaintiffs' request to file a further response to defendants' citation of supplemental authority is denied.

Issues not raised on appeal are waived. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008).

**AFFIRMED.**