FILED

NOT FOR PUBLICATION

JAN 02 2013

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

FOX JOSEPH SALERNO,

Plaintiff - Appellant,

v.

STATE OF ARIZONA; et al.,

Defendants - Appellees.

No. 11-17731

D.C. No. 2:11-cv-01132-ROS

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Chief Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Fox Joseph Salerno, an Arizona state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his medical needs in connection with an alleged attack by a prison

_____

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

correctional officer. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003) (dismissal for failure to exhaust); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly dismissed Salerno's claims against the state of Arizona and defendants in their official capacities because those claims are barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."); *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007) (state officials sued in their official capacities are generally entitled to Eleventh Amendment immunity); *Cal. Franchise Tax Bd. v. Jackson (In re Jackson)*, 184 F.3d 1046, 1048 (9th Cir. 1999) ("Eleventh Amendment sovereign immunity limits the jurisdiction of the federal courts and can be raised . . . by the court sua sponte.").

The district court properly dismissed Salerno's deliberate indifference claims because Salerno failed to exhaust available administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (concluding that "proper exhaustion" is mandatory and requires adherence to administrative

procedural rules); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (requiring exhaustion of administrative remedies prior to filing suit).

**AFFIRMED.**