NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 28 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELINDA GABRIELLA VALENZUELA, | No. 15-16841 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00444-NVW |
| v. | |
| VICTOR GAN, Doctor at Infirmary LBJ; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Melinda Gabriella Valenzuela appeals pro se from the district court's

summary judgment for failure to exhaust administrative remedies in her 42 U.S.C.

§ 1983 action alleging constitutionally inadequate medical care while she was a

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

pretrial detainee. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Valenzuela failed to raise a genuine dispute of material fact as to whether Valenzuela exhausted her administrative remedies before filing her lawsuit. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (exhaustion must be completed before a § 1983 action is filed; exhaustion during the pendency of the litigation is insufficient because exhaustion is a precondition to suit); *see also Douglas v. Noelle*, 567 F.3d 1103, 110, 1106 (9th Cir. 2009) (§ 1983 complaint deemed filed at time prisoner delivers it to prison authorities for forwarding to court clerk). Contrary to Valenzuela's contention, exhaustion of administrative remedies before filing an amended complaint alleging the same claims does not constitute proper exhaustion. *See Cano v. Taylor*, 739 F.3d 1214, 1220-21 (9th Cir. 2014) (explaining exception to exhaustion during pendency of action where new claims are alleged in amended complaint). Because we affirm the district court's summary judgment based on failure to exhaust administrative remedies, we treat the judgment as a dismissal without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005) ("[A] district court must dismiss a case without

15-16841

prejudice when there is no *presuit* exhaustion, even if there is exhaustion while suit is pending." (citation and internal quotation marks omitted)).

Because we affirm based on failure to exhaust, we do not reach the merits of Valenzuela's claim.

Valenzuela's motion to supplement the record, filed on August 30, 2016, is denied as unnecessary.

**AFFIRMED.**