NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

GUILLERMO CRUZ TRUJILLO,

Plaintiff-Appellant,

v.

GOMEZ, C/O; et al.,

Defendants-Appellees.

No. 16-16567

D.C. No. 1:14-cv-01797-DAD-DLB

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 11, 2017**

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Guillermo Cruz Trujillo, a California state prisoner, appeals pro se from the

district court's judgment dismissing for failure to exhaust administrative remedies

his 42 U.S.C. § 1983 action alleging excessive force.  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo.  *Albino v. Baca*, 747 F.3d 1162, 1171 (9th

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2014) (en banc) (legal rulings on exhaustion); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005) (Fed. R. Civ. P. 12(b)(6) motion to dismiss). We affirm.

The district court properly dismissed Trujillo's action because it was clear from the face of the amended complaint that Trujillo failed to exhaust his available administrative remedies prior to filing his lawsuit. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (exhaustion must be completed before a § 1983 action is filed; exhaustion during the pendency of the litigation is insufficient because exhaustion is a precondition to suit); *see also Albino*, 747 F.3d at 1169 ("[W]here a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-16567