**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICHARD L. LATHAN, | No. 16-15633 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-04389-DMR |
| v. | |
| CLARK E. DUCART, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding[**]

Submitted September 26, 2017[***]

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

California state prisoner Richard L. Lathan appeals pro se from the district

court's summary judgment for failure to exhaust administrative remedies in his 42

U.S.C. § 1983 action alleging a First Amendment access-to-courts claim. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly granted summary judgment because Lathan did not exhaust his administrative remedies prior to filing this action and failed to raise a genuine dispute of material fact as to whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." (citation, and internal quotation marks omitted)); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (a grievance must be fully exhausted before a § 1983 action is filed; exhaustion during the pendency of the litigation is insufficient because exhaustion is a precondition to suit).

The district court did not abuse its discretion by denying Lathan's motion to compel discovery because Lathan failed to meet and confer with defendants. *See* Fed. R. Civ. P. 37(a)(1) (motion to compel discovery must include certification that movant has in good faith conferred or attempted to confer with opposing

party); N.D. Cal. Civ. R. 37-1 (requirement to confer in good faith); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (standard of review).

To the extent that Lathan appeals the district court's denial of George Hamilton's motion to intervene in this action, we conclude that Lathan lacks standing to challenge the denial. *See In re Cinematronics*, 916 F.2d 1444, 1448 (9th Cir. 1990) (a party may only appeal to protect its own interests).

Lathan's motion for judicial notice (Docket Entry No. 31) is denied.

**AFFIRMED.**