**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7402**

JEAN B. GERMAIN,

                    Plaintiff - Appellant,

          v.

BOBBY P. SHEARIN,

                    Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore.
J. Frederick Motz, Senior District Judge.  (1:16-cv-02685-JFM)

Submitted:  February 26, 2018                    Decided:  March 12, 2018

Before GREGORY, Chief Judge, and DUNCAN and FLOYD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Jean Bernard Germain, Appellant Pro Se.  Stephanie Judith Lane-Weber, Assistant Attorney General, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jean B. Germain, a Maryland inmate, appeals the district court's order granting Bobby P. Shearin's motion under Fed. R. Civ. P. 12(b)(6), and dismissing Germain's complaint for failure to exhaust administrative remedies. Because we conclude that Shearin failed to meet his burden of proof, we vacate the district court's order and remand for further proceedings.

In *Germain v. Shearin*, 653 F. App'x 231, 234 (4th Cir. 2016) (No. 15-6050), we affirmed as modified the district court's order granting summary judgment to Shearin after concluding that Germain failed to exhaust his claims prior to initiating his lawsuit. Because Germain's administrative grievance appeared to be pending when he filed his complaint, we concluded that the complaint should have been dismissed without prejudice for failure to exhaust administrative remedies. *Id.* (citing *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002)). We noted that Germain could refile his complaint should exhaustion become complete. *Id.* at 234-35.

After our opinion issued, Germain filed a verified complaint against Shearin, reiterating his claim that he was not receiving appropriate meals during Ramadan. A verified complaint contains a sworn statement indicating its contents are true and may be treated as an affidavit. *See World Fuel Servs. Trading, DMCC v. Hebei Prince Shipping Co., Ltd.*, 783 F.3d 507, 516 (4th Cir. 2015). Germain stated that he exhausted his administrative remedies by using the administrative remedy procedure (ARP), appealing the dismissal of his ARP to the Commissioner of Correction, and then filing a grievance with the Inmate Grievance Office (IGO). The district court instructed Germain to

2

supplement his complaint by explaining how he exhausted his claim. Germain responded by reiterating his claim that he filed an ARP and appealed the ARP's dismissal to the Commissioner. Germain claimed that the Commissioner did not provide him with a receipt or respond in any manner to his appeal, but that, nevertheless, he filed a grievance with the IGO, which was ignored. Germain further claimed that, after this Court issued its opinion, prison officials informed him that he did not have to restart the ARP process and that he could proceed with his lawsuit.

Shearin filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment. Shearin argued that Germain's complaint should be dismissed because Germain failed to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a) (2012).[1] Shearin submitted an affidavit from a prison official indicating that the Inmate Grievance Program Unit's database did not have a record of receiving an appeal from Germain pertaining to the subject matter of the complaint. Shearin also submitted two affidavits from prison officials stating that they did not counsel Germain to proceed with his complaint.

The district court granted Shearin's motion to dismiss pursuant to Rule 12(b)(6), finding that Germain failed to exhaust his administrative remedies. The court, focusing on Germain's claim that prison officials advised him that he could not restart the ARP process and that the IGO no longer had jurisdiction, found that Germain failed to offer any valid

---

[1] Shearin also argued that the appeal should be dismissed because it was barred by res judicata.

3

reason for failing to exhaust administrative remedies, and that Germain's reliance on advice received from prison officials did not establish that administrative remedies were unavailable.

We review de novo a district court's dismissal for failure to state a claim under Rule 12(b)(6), accepting as true the complaint's factual allegations and drawing all reasonable inferences in favor of the nonmoving party. *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty.*, 684 F.3d 462, 467 (4th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion "invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein." *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011) (internal quotation marks omitted).

"No action shall be brought with respect to prison conditions under [42 U.S.C. §] 1983 [(2012)] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "There is no doubt that the . . . exhaustion requirement is mandatory." *Anderson v. XYZ Corr. Health Servs., Inc.,* 407 F.3d 674, 677 (4th Cir. 2005). Courts may not excuse an inmate's statutory duty to exhaust administrative remedies. *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016). "[T]o be entitled to bring suit in federal court, a prisoner must have utilized all available remedies in accordance with the applicable procedural rules." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008)

4

(internal quotation marks omitted). The failure to exhaust under the PLRA is an affirmative defense that must be asserted by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007). "[I]nmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.*; *see also Moore*, 517 F.3d at 725 ("inmates need not plead exhaustion, nor do they bear the burden of proving it"). "An affirmative defense permits 12(b)(6) dismissal if the face of the complaint includes all necessary facts for the defense to prevail." *Leichling v. Honeywell Int'l, Inc.*, 842 F.3d 848, 850-51 (4th Cir. 2016).

The Maryland Division of Correction administers a three-step administrative remedy process. The first step requires filing a Request for Administrative Remedy with the Warden. *Chase v. Peay*, 286 F. Supp. 2d 523, 529 n.10 (D. Md. 2003). If the request is denied, the inmate must file an appeal with the Commissioner of Correction. *Id.* If the appeal is denied, the third and final administrative option is filing an appeal with the IGO. *Chase*, 286 F. Supp. 2d at 529 n.10. The inmate must complete the first two steps of the administrative review process before filing an appeal with the IGO. Md. Code Regs. § 12.07.01.02(D). However, the IGO may waive exhaustion "for good cause shown." Md. Code Regs. § 12.07.01.05(F).

Germain stated in his verified complaint that he completed all three steps of the administrative remedy process. At this stage of the proceeding, when we must accept as true Germain's factual allegations and draw all reasonable inferences in his favor, *see* Rule 12(b)(6), Shearin failed to meet his burden of proving that Germain did not complete the

administrative review process.[2]  Accordingly, we vacate the district court's order and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[2] This ruling does not eliminate the possibility that Germain's claim that he exhausted administrative remedies could not be defeated in a properly filed motion for summary judgment.