**NOT FOR PUBLICATION**

FILED

AUG 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN GIL, | No. 18-56301 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00698-CAB-JMA |
| v. | |
| SANCHEZ, Captain; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Ruben Gil, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his safety in violation of the Eighth Amendment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Williams v. Paramo*, 775

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

F.3d 1182, 1191 (9th Cir. 2015), and we affirm.

The district court properly granted summary judgment. Gil did not exhaust his administrative remedies prior to filing this action and failed to raise a genuine dispute of material fact as to whether there was "something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc); *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." (citation and internal quotation marks omitted)); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (a grievance must be fully exhausted before a § 1983 action is filed; exhaustion during the pendency of the litigation is insufficient because exhaustion is a precondition to suit). Moreover, Gil failed to raise a genuine dispute of material fact as to whether defendants knew of and disregarded a substantial risk to his safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

The district court did not abuse its discretion by denying Gil's request to continue summary judgment in order to conduct additional discovery because Gil failed to demonstrate how additional discovery would have precluded summary judgment. *See Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp*., 525 F.3d 822, 827 (9th Cir. 2008) (setting forth standard of review and explaining that the burden is on the party seeking a continuance in order to conduct additional discovery to proffer sufficient facts to show that the evidence sought would preclude summary judgment).

**AFFIRMED.**