**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSCOE CHAMBERS, | No. 19-55280 |
| Plaintiff-Appellant, | D.C. No. 5:17-cv-01353-MWF-KES |
| v. | |
| POYNER, USP Health Administrator; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| ALLEN; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted July 14, 2020[**]

Before: CANBY, FRIEDLAND, and R. NELSON, Circuit Judges

Federal prisoner Roscoe Chambers appeals pro se from the district court's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

summary judgment in his action brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Doe v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009). We affirm.

The district court properly granted summary judgment because Chambers failed to exhaust his administrative remedies and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" (citation and internal quotation marks omitted)); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (requiring inmates to exhaust administrative procedures prior to filing suit in federal court); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (holding that revised 42 U.S.C. § 1997e(a) applies to *Bivens* actions).

The district court did not abuse its discretion in allowing defendants' counsel to seek extensions of time until he had received formal permission to file a responsive pleading to Chambers's complaint. *See S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 807 (9th Cir. 2002) (standard of review; "[d]istrict courts have

2

'inherent power' to control their dockets." (citation omitted)).

The district court did not abuse its discretion in denying Chambers's untimely discovery requests. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (district court has broad discretion to permit or deny discovery, and a ruling denying discovery will not be disturbed absent the clearest showing of actual and substantial prejudice).

We reject as without merit Chambers's contention that the district court engaged in judicial misconduct. We reject as unsupported by the record Chambers's contention that defendants failed to timely respond to the second amended complaint.

Chambers's motion to clarify whether defendants timely filed their answering brief and request to receive a copy of the answering brief (Docket Entry No. 34) is denied because defendants timely filed their answering brief and Chambers has already filed a reply to the answering brief.

**AFFIRMED.**