**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| ROBERT CRAIG WOODROFFE,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>JILL CURTIS; PEDRO, Captain; IVERSON, Captain; LYTLE, Captain; K. SHORT; SHELTON, Doctor; R. A. YOUNG, Lieutenant; D. GREEN; MICHEAL JORDEN,<br><br>Defendants-Appellees,<br><br>and<br><br>STATE OF OREGON; ELLEN ROSENBLUM; SHANNON M. VINCENT; VICTOR BEERBOWER; COLETTE S. PETERS; MICHAEL F. GOWER; GREG JONES; ERICA SAGE; MARK NOOTH; JERI TAYLOR; JOHN MYRICK; LINDA SCHUTT; ENRIGNES, Lieutenant; BOSTON, Lieutenant; EDISION, Lieutenant; PRIMMER, Sergeant; RANSIER, Correctional Officer; HILLMICK; R. KRUEGER; MICHAEL MAHONY; | No.   18-35996<br><br>D.C. No. 2:15-cv-02390-SB<br><br>MEMORANDUM[*] |

---

> [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

MARTIN; NORTON, Doctor; JAMES
DEACON; WILSEN; LEONARD
WILLIAMSON; HAGA, Sergeant;
HOSKINS; T. RIDLEY; DWAYNE
GREEN; MCMILLIN, Lieutenant;
STEWART, Lieutenant,

Defendants.

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted February 17, 2021[**]

Before: SILVERMAN, CHRISTEN, and R. NELSON, Circuit Judges

Plaintiff Robert Woodroffe appeals the district court's order granting summary judgment in favor of the defendants in his prisoner civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014), and affirm.

The district court did not abuse its discretion by extending the summary judgment deadline after it had expired. *See Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000) (explaining that excusable neglect "covers cases of negligence, carelessness and inadvertent mistake" by counsel).

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

Plaintiff argues that he was denied discovery. However, he has not identified what discovery he was denied or how he was prejudiced. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (setting forth the standard of review for discovery rulings and holding that we affirm, unless the plaintiff makes "the clearest showing" of "actual and substantial prejudice" from the denial of discovery).

Plaintiff waived the claims dismissed from the Third Amended Complaint with leave to amend when he declined to amend the claims. *First Resort, Inc. v. Herrera*, 860 F.3d 1263, 1274 (9th Cir. 2017).

The district court properly dismissed the unexhausted Eighth Amendment and First Amendment retaliation claims. *See* 42 U.S.C. § 1997e(a) (requiring that prisoners exhaust their available administrative remedies); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam) (holding that claims must be completely exhausted before a prisoner files his action).

Summary judgment was proper for the defendants on the remaining First Amendment retaliation claims. Plaintiff failed to establish that defendants lacked legitimate correctional reasons for their actions, he suffered adverse actions, and/or a link between specific protected activities and the actions. *See Watison v. Carter*,

3

668 F.3d 1108, 1114-15 (9th Cir. 2012) (setting forth the elements of a First Amendment retaliation claim).

Plaintiff waived his remaining claims in his opening brief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (holding that issues listed, but not discussed in the body of the opening brief, have been waived).

**AFFIRMED.**