NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 29 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RODNEY KARL BLACKWELL, | No. 20-55380 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-01811-GW-AGR |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; K. ESTRADA, AGPA, Appeals Coordinator, LAC, in official and individual capacity, | MEMORANDUM[*] |
| Defendant-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted July 19, 2021[**]

Before:   SCHROEDER, SILVERMAN, and MURGUIA, Circuit Judges.

California state prisoner Rodney Karl Blackwell appeals pro se from the

district court's judgment dismissing for failure to exhaust his administrative

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

remedies his 42 U.S.C. § 1983 action alleging violations of the Eighth and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (en banc) (legal rulings on exhaustion); *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012) (dismissal for failure to state a claim). We affirm.

The district court properly dismissed Blackwell's action because it was clear from the face of Blackwell's operative complaint that Blackwell failed to exhaust available administrative remedies prior to filing suit. *See Albino*, 747 F.3d at 1169 (where a failure to exhaust is clear from the face of the complaint, a district court may dismiss for failure to state a claim); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (requiring inmates to exhaust administrative remedies prior to filing suit in federal court).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

20-55380