**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHAWN YAEGER, | No. 22-55175 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-07059-SVW-DFM |
| v. | |
| FELIPE MARTINEZ, Jr., Warden, individual capacity; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted February 15, 2024**

Before:    O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Shawn Yaeger, a federal prisoner, appeals pro se from the district court's

summary judgment in Yaeger's action brought under *Bivens v. Six Unknown*

*Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that

prison defendants were deliberately indifferent to his serious medical needs in

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

violation of the Eighth Amendment. Because the facts are known to the parties, we repeat them only as necessary to explain our decision. We affirm.

I.

The district court properly granted summary judgment because Yaeger failed to exhaust his administrative remedies against defendant Dr. Watson and Yaeger failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006)("[P]roper exhaustion of administrative remedies . . . 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits.)'" (citation and internal quotation marks omitted)); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (requiring inmates to exhaust administrative procedures prior to filing suit in federal court); *see also Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (holding that revised 42 U.S.C. § 1997e(a) applies to *Bivens* actions).

II.

The district court did not abuse its discretion by denying Yaeger's request for appointment of counsel because Yaeger failed to demonstrate exceptional circumstances. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth "exceptional circumstances" requirement for appointment of counsel); *see also* 28 U.S.C. § 1915(e)(1).

All pending motions are denied.

**AFFIRMED.**